IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| AQUALLIANCE, a Not-for-Profit Corporation, 539 Flume Street, Suite 200, Chico, CA 95928,<br><br>　　Plaintiff,<br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, 441 G Street, NW, Washington, D.C. 20314,<br><br>　　Defendant. | Case No. CIV 16-717<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## I. INTRODUCTION

1. The Defendant United States Army Corps of Engineers has violated the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), by unlawfully withholding records requested by AquAlliance regarding a large water development project, the "California WaterFix." First, the agency failed to conduct a reasonable search for records, only producing a few documents in response to a request that should have produced a large number of documents. Second, the agency unlawfully withheld a list of names and addresses of people and other entities near the project to whom it sent a public notice for the project. This lawsuit requests an order declaring that the Army Corps has violated FOIA, and enjoining the agency to provide AquAlliance with the records it has requested.

1

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

3. Venue in this Court is proper under 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district.

## III. PARTIES

4. Plaintiff AQUALLIANCE is a not-for-profit organization dedicated to defending northern California waters and to challenging threats to the hydrologic health of the northern Sacramento River watershed. To that end, it has requested records from the Army Corps seeking information on the proposed California WaterFix project to be approved by the Army Corps in this watershed.

5. Defendant UNITED STATES ARMY CORPS OF ENGINEERS is a federal agency within the Department of Army. The Army Corps is responsible for responding to FOIA requests submitted to it, and so is sued as a Defendant in this action.

6. The Defendant's violations of law have denied Plaintiff the information to which it is entitled, and Plaintiff and its members are injured by its inability to protect the northern Sacramento River watershed, and by the deprivation of government information to which they are entitled.

## IV. FACTS AND LAW

7. On September 20, 2015, AquAlliance wrote to the Army Corps with a records request:

> AquAlliance is asking for all application records for PN# SPK-2008-00861 for the California Water Fix ("Project"). The information that we specifically request includes, but is not limited to, all Clean Water Act ("CWA"), Rivers and Harbors Act, Endangered Species Act ("ESA"), and National Environmental Policy Act ("NEPA") material for PN# SPK-2008-00861. AquAlliance will use the information sought in this FOIA request to help the public comment on PN# SPK-2008-00861 and understand the current status of: 1) California Water Fix; 2) Central Valley Project ("CVP") and State Water Project ("SWP") water rights and operations in California; 3) listed and special status species; 4) hydrologic conditions in the areas of origin and Project transmission and delivery.

8. The agency responded on October 13, 2015, providing AquAlliance with a compact disk containing five pages of documents and GIS (geographic mapping) files, and an explanation that it was withholding a list of names and addresses of people and other entities under FOIA Exemption 6 to whom the Army Corps had sent a notice of comment period for the project.  However, AquAlliance wants this name and address information to ensure that the proper people and other entities in the project area were properly notified.

9. Perceiving the October 13 response to be incomplete, AquAlliance emailed a letter on October 21, 2015, requesting a more thorough search for additional records.  The agency responded by email the next day, directing AquAlliance to a website containing most of the application for the project (without "Tab G" containing the list of names and addresses), and stating it would provide a copy of an attachment to the application which could not be found on the website.

10. AquAlliance responded the same day by email, among other things asking for other documents that might be responsive to its request.  No response was ever

issued by the Army Corps to this inquiry.

11. AquAlliance appealed the agency's response on December 1, 2015, pressing its points that there had been an inadequate search for additional documents, that Exemption 6 did not apply to the names and addresses, and reiterating its fee waiver request from its initial request in the event that additional documents were provided.

12. In its appeal decision on January 15, 2016, the Army Corps affirmed its decision to withhold the names and addresses under Exemption 6, and stated that it would not be providing any additional documents, without indicating that it conducted any further search for additional documents.

## V. CLAIMS FOR RELIEF

### Claim One: Inadequate Search

13. The above paragraphs are incorporated here by reference.

14. FOIA states: "(C) In responding under this paragraph to a request for records, an agency shall make reasonable efforts to search for the records in electronic form or format, except when such efforts would significantly interfere with the operation of the agency's automated information system. (D) For purposes of this paragraph, the term 'search' means to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request." 5 U.S.C. § 552(a)(3).

15. The Army Corps has performed an inadequate search for records that would be responsive to AquAlliance's request, and so has violated FOIA by

4

improperly withholding records.

### Claim Two: Improper Claim of Exemption 6

16. The above paragraphs are incorporated here by reference.

17. FOIA Exemption 6 only applies to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. §§ 552(b)(6).

18. The withheld list of names and addresses does not qualify for this exemption, and so the agency has violated FOIA by withholding agency records. *See Columbia Riverkeeper v. FERC*, 650 F. Supp. 2d 1121 (D. Or. 2009) (list of names of those notified along pipeline route not exempt from disclosure under Exemption 6); *AquAlliance v. U.S. Bureau of Reclamation*, ___ F. Supp. 3d ___, 2015 WL 5998949 at *6-8 (D. D.C. 2015) (list of names and addresses of those applying for groundwater permits not exempt from disclosure under Exemption 6).

### VI. REQUEST FOR RELIEF

FOR THESE REASONS, the Plaintiff respectfully requests that this Court enter judgment providing the following relief:

1. Declare that Defendant violated FOIA by conducting an inadequate search and by improperly withholding agency records;

2. Direct by injunction that Defendant immediately conduct an adequate search and provide the Plaintiff with the records it has requested, including those withheld under Exemption 6;

3. Grant the Plaintiff its costs of litigation, including reasonable attorney fees

as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and

    4. Provide such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED April 15, 2016.

                                         /s/Matt Kenna
                                Matt Kenna, D. D.C. Bar # CO0028
                                Public Interest Environmental Law
                                679 E. 2nd Ave., Suite 11B
                                Durango, CO 81301
                                (970) 385-6941
                                matt@kenna.net

                                Attorney for Plaintiff