UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AQUALLIANCE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16-cv-0717 (TSC) |
| U.S. ARMY CORPS OF ENGINEERS, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case concerns a 2015 Freedom of Information Act ("FOIA") request made by Plaintiff AquAlliance to the U.S. Army Corps of Engineers ("Army Corps") regarding the California Water Fix project. The Army Corps withheld a public notice distribution list containing names and private addresses pursuant to FOIA Exemption 6, which covers certain personal information. The parties have filed cross-motions for summary judgment regarding the application of this exemption. (ECF Nos. 9, 11). For the reasons set forth below, the Army Corps' motion is GRANTED IN PART and DENIED IN PART, and Plaintiff's cross-motion is GRANTED.

I.  **BACKGROUND**

Plaintiff submitted its FOIA request to the Sacramento District of the Army Corps in September 2015, seeking application records regarding Public Notice SPK-2008-00861 for the California Water Fix project. (*See* Sept. 2015 FOIA Request (Def. Ex. A)). In response, the Army Corps provided Plaintiff with a link to the California Department of Water Resource's website, where many of the responsive records were already publicly accessible, and also mailed Plaintiff a CD containing additional responsive documents. (Platt Decl. ¶¶ 8; 13–14).

As part of its broader request for all application records, Plaintiff requested the public notice distribution list of names and addresses of individuals who own property along the route of the project. (*See* Platt Decl. ¶ 9). The Army Corps withheld this document on the grounds that the information was exempt from disclosure under FOIA Exemption 6. (*Id.*; Faustino Decl. ¶¶ 8–22). Plaintiff appealed the agency's response in December 2015, and the Army Corps denied the appeal in January 2016 after determining that it had properly applied Exemption 6. (Faustino Decl. ¶ 13; Jan. 15, 2016 Letter to B. Vlamis (Def. Ex. K)).

## II.   LEGAL STANDARD

Summary judgment is appropriate where the record shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). FOIA cases are typically and appropriately decided on motions for summary judgment. *Brayton v. Office of the U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011). Agencies bear the burden of justifying withholding of any records, as FOIA requires the "strong presumption in favor of disclosure." *Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). The court therefore analyzes all underlying facts and inferences in the light most favorable to the FOIA requester, even where the requester has moved for summary judgment. *See Pub. Citizen Health Research Grp. v. FDA*, 185 F.3d 898, 904–05 (D.C. Cir. 1999). In cases such as this, concerning the applicability of a FOIA exemption, agencies may rely on supporting declarations that are reasonably detailed and non-conclusory. *See, e.g.*, *ACLU v. U.S. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011); *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 838 (D.C. Cir. 2001). "If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption,

and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone." *ACLU*, 628 F.3d at 619. "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Id.* (internal quotation marks omitted) (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)). However, a motion for summary judgment should be granted in favor of the FOIA requester where "an agency seeks to protect material which, even on the agency's version of the facts, falls outside the proffered exemption." *Coldiron v. U.S. Dep't of Justice*, 310 F. Supp. 2d 44, 48 (D.D.C. 2004) (quoting *Petroleum Info. Corp. v. Dep't of Interior*, 976 F.2d 1429, 1433 (D.C. Cir. 1992)).

## III.   DISCUSSION

### A.   Adequacy of Search

In Count I of its Complaint, Plaintiff alleges that Defendant conducted an inadequate search in violation of FOIA, 5 U.S.C. § 552(a)(3)(C), which requires that an agency "make reasonable efforts to search for the records in electronic form or format, except when such efforts would significantly interfere with the operation of the agency's automated information system." (Compl. ¶¶ 13–15). Defendant moved for summary judgment on this claim, as well as on the issue of whether the agency disclosed all reasonably segregable information. In its Response and cross-motion, Plaintiff conceded that the search was reasonable and failed to respond to the issue of segregability. (*See* Pl. Mem. at 2). Because Plaintiff has conceded this claim and issue, Defendant's motion for summary judgment is GRANTED as to Count I.

### B.   FOIA Exemption 6

In its remaining claim, Plaintiff alleges that the Army Corps unlawfully withheld responsive records under FOIA Exemption 6. (Compl. ¶¶ 16–18). Exemption 6 permits the

withholding of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Agencies (and courts) must engage in a four-step analysis to determine whether information is protected from disclosure under this exemption. First, the text of the statute requires that the agency determine whether each document is a personnel, medical, or "similar" file. Next, the agency must determine if the individuals identified in the documents have a significant privacy interest in the requested information. *Multi Ag Media LLC v. USDA*, 515 F.3d 1224, 1229 (D.C. Cir. 2008). Third, the agency must evaluate the strength of any potential public interest in disclosure. *See NARA v. Favish*, 541 U.S. 157, 172 (2004). Finally, the agency must balance the privacy interest with the public interest and determine whether disclosure "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

As to the first step, the parties agree that the withheld information is a "similar file[]" under the FOIA exemption. The court must next identify whether "disclosure would compromise a substantial, as opposed to a *de minimis*, privacy interest." *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 874 (D.C. Cir. 1989). The Supreme Court has made clear that "disclosure of a list of names and other identifying information" does not inherently violate individuals' privacy interest. *Dep't of State v. Ray*, 502 U.S. 164, 176 n.12 (1991). Instead, "whether disclosure of a list of names is a 'significant or a *de minimis* threat depends upon the characteristic(s) revealed by virtue of being on the particular list, and the consequences likely to ensue.'" *Id.* (quoting *Horner*, 879 F.2d at 877). However, the Supreme Court has also expressed "a reluctance in the FOIA context 'to disparage the privacy of the home.'" *See Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 35 (D.C. Cir. 2002) (quoting *U.S. Dep't of Def. v. FLRA*, 510 U.S. 497, 501 (1994)). The inquiry is thus fact-specific. In *Horner*, the D.C. Circuit

4

considered disclosure of a list that contained names and private addresses, as well as whether each person received a monthly annuity payment from the federal government. 879 F.2d at 876. The court found a significant privacy interest because the list had "apparent commercial value" and "interested businesses, charities, and individuals could, and undoubtedly would, subject the listed annuitants to an unwanted barrage of mailings and personal solicitations." *Id.* at 876–77 (internal quotation omitted). The court in *Norton* similarly identified at least a weak privacy interest when it considered a list of addresses showing where certain owls had been sighted, determining that the addresses could be linked to individuals' names through public records and those individuals could be subjected to unwanted trespassing on their properties. 309 F.3d at 34–36.

Here, the court must evaluate what, if any, "characteristic(s) [are] revealed by virtue of being on the particular list, and the consequences likely to ensue." *Ray*, 502 U.S. at 176 n.12. The Army Corps does not contend that the list reveals anything about the individuals on it apart from the location of their properties. Therefore, it must argue that individuals would still be "subject[ed] . . . to an unwanted barrage of mailings and personal solicitations." *Horner*, 879 F.2d at 876. To do so, the Army Corps asserts that "once that information is released [the individuals] could become targets of harassing inquiries and uninvited solicitation if their identities are released simply because of their proximity to the project." (Faustino Decl. ¶ 21). The Army Corps did not elaborate on the nature or source of these "harassing" and "uninvited" contacts, nor did it provide the court with anything beyond speculation regarding the results of disclosing the distribution list. It appears that the only information revealed about the individuals on the list is that their properties are adjacent to the proposed project, which is information any individual could discern from simply looking at property records or a map of the area. Indeed, Plaintiff's stated goal of contacting those individuals who live near the project area but were not notified of

the project by the Army Corps, (*see* Pl. Mem. at 1), implies that individuals' addresses are already readily accessible, further undermining Defendant's justification for withholding the public notice distribution list.

In the court's view, the Army Corps has not met its burden of establishing that there is a significant privacy interest in protecting from disclosure the individuals' names and addresses on the distribution list. While the threat of an "unwanted barrage of mailings and personal solicitations" may establish a privacy interest, *see Horner*, 879 F.2d at 876, the Army Corps has failed to allege with any specificity what unwanted contact these individuals would face simply by being identified as living near the proposed project. This privacy interest thus falls below the level required to withhold responsive records under FOIA Exemption 6.

The court next considers the public interest in disclosure and balances the public and private interests. *Multi Ag Media LLC*, 515 F.3d at 1229–30. Absent a significant privacy interest, as here, then any identifiable public interest would weigh in favor of disclosure. In the FOIA context, the relevant public interest is "the extent to which disclosure of the information sought would shed light on an agency's performance of its statutory duties or otherwise let citizens known what their government is up to." *Lepelletier v. FDIC*, 164 F.3d 37, 46 (D.C. Cir. 1999) (quoting *FLRA*, 510 U.S. at 497). AquAlliance states that it requested the names and addresses on the Army Corps' distribution list to determine who was and was not notified by the Army Corps of the project proposal and whether they had an opportunity to participate in a public comment process. (Vlamis Decl. ¶ 7). The withheld information reflects on the actions taken by the government in conducting its official business and reveals at least some information about what the government is up to. Therefore, the court finds that there is an identifiable public interest in

the disclosure of the withheld records, and given the lack of a significant privacy interest, the court further finds that this public interest weighs in favor of disclosure.

Because "under Exemption 6, the presumption in favor of disclosure is as strong as can be found anywhere in [FOIA]," *Norton*, 309 F.3d at 32, the court concludes that the Army Corps did not properly apply Exemption 6 to the names and addresses on the requested distribution list, and the withheld responsive records must be disclosed. The court DENIES the Army Corps' motion and GRANTS Plaintiff's cross-motion as to Count II.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED IN PART and DENIED IN PART, and Plaintiff's cross-motion is GRANTED.

Date:  March 22, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge